Reese, J.
delivered the opinion of the court.
A motion in the name of James.K. Polk, successor ofNewton Cannon, Governor, &c., was heretofore made against the said Wiley and the other defendants, his sureties, as Clerk of the County Court of Roane county, in which judgment was given on behalf of the defendants in the Circuit Court of Roane, and affirmed in this court, upon the ground, that the clerk’s bond was not taken at the proper time, or by a tribunal having power to take it, having beén taken by the court of Pleas and Quarter Sessions, organized and existing prior to 1836, and not by the County Court established by the law of that session,
*147 But in determining that case, this court intimated that an action at common law might be brought and maintained upon the bond. This action has been brought, but it has been brought, not in the name of Newton Cannon’s personal representative, as would be necessary on a common law bond, but in the name of James C. Jones, Governor and successor of Newton Cannon. This is not to bring a common law action upon the bond, and this suit differs from the motion only in form. • •
It has been determined, that although the bond may-be good, as a voluntary bond, it containing no provisions which are improper, illegal or against public policy, but quite the contrary, still not having been taken by the proper authority and pursuant to law, it is not good and effectual as an official or statutory bond- But this suit is brought in the name of the successor of the obligee or covenantee in the bond.. But a successor cannot sue in a mere common law action upon a voluntary bond, which is not statutory and official. He can sue only upon an official or statutory bond. It is only by virtue of the statute that a successor can sue. By the common law, the obligee or his personal representative alone can sue. See the case of Hibbits vs. Canada et al,, 10 Yerg. 465, and the cases there refered to. There is nothing inconsistent with this view of the matter in the case of Polk vs. Plummer, in 2 Humphreys’ Reports. That cáse maintains that certain stipulations did not make the bond void as a statutory bond, but are to be treated as- surplusage. The bond in that case was held to be statutory.
For these reasons we hold the declaration in this case to be bad, the action to be brought in the name of an improper plaintiff, and we, therefore, affirm the judgment of the Circuit Court